# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 5, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * * * | |
| LAURA WEISHAAR, natural daughter of * <br> Loretta Nordtvedt and on behalf of the * <br> ESTATE OF LORETTA NORDTVEDT, * <br>   * <br> Petitioner, * <br>   * <br> v. * <br>   * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br>   * <br> Respondent. * | No. 17-1372V <br> Special Master Sanders <br> <br> Dismissal; Insufficient Proof; <br> Influenza ("flu") Vaccine; <br> Demyelinating Polyneuropathy; <br> Death |
| * * * * * * * * * * * * * * * * | |

Danielle A. Strait, Maglio, Christopher & Toale, Seattle, WA, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 28, 2017, Laura Weishaar, natural daughter of Loretta Nordtvedt and on behalf of the Estate of Loretta Nordtvedt, ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that her mother suffered from "a demyelinating polyneuropathy," and ultimately died, as a result of an influenza ("flu") vaccination she received on September 10, 2014. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On June 4, 2018, Petitioner moved for a Decision Denying Compensation. ECF No. 23. In her Motion, Petitioner conceded that "[a]n investigation of the facts and science supporting this case demonstrated to Petitioner that she will be unable to prove that this claim is entitled to compensation in the Vaccine Program." *Id.* at 1. Respondent did not object to Petitioner's Motion. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that her mother suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that her mother suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury and/or death was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master